UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN T. PASLEY,

    Plaintiff,                        Case No. 1:07-cv-583

v.                                               Honorable Janet T. Neff

UNKNOWN OLIVER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) and presently housed at the Macomb Correctional Facility, although the actions he complains of occurred while he was housed at the Earnest C. Brooks Correctional Facility (LRF). In his *pro se* complaint, he sues LRF Corrections Officer Scott Oliver.

Plaintiff alleges that, while he was housed at LRF, he was in contact with defendant at least four days of each week. According to plaintiff, defendant Oliver made it his routine to harass and intimidate plaintiff. Plaintiff alleges that he was advised by the housing unit manager to attempt to avoid defendant and to keep his composure. On November 5, 2005, defendant Oliver wrote an allegedly false and fabricated work report against plaintiff, despite the fact that Oliver was not plaintiff's supervisor and had not observed his work performance. Plaintiff complained about the false work report to the classification director. Plaintiff then asked his supervisor, Kevin Laninga, to complete an evaluation. Laninga evaluated plaintiff as being a good worker, scoring him above

average.  Defendant issued plaintiff a misconduct ticket for being out of place.  Plaintiff pleaded guilty to the charge.

On December 22, 2006, plaintiff filed a grievance against defendant.  On January 24, 2007, Assistant Deputy Warden Smith investigated the grievance and concluded that defendant had no authority to write the report.  Smith ordered the report removed from plaintiff's file.  Smith, however, allegedly failed to address plaintiff's overall complaints of harassment and intimidation by Oliver.  Plaintiff appealed the grievance through Step III.  On April 20, 2007, the Step III grievance affirmed the responses at Steps I and II, concluding that, because the record had been corrected, the grievance was considered resolved.

According to the complaint, on January 27, 2007, defendant conducted a retaliatory shake-down of plaintiff's cell.  Defendant was actually assigned by the weekly random schedule to search plaintiff's cell.  Allegedly noticing a sealed envelope directed to the Step II grievance coordinator, defendant opened the mail and began reading plaintiff's grievance against defendant.  Defendant states that plaintiff had left his legal mail out in the open and not properly stored.  Later that same day, defendant allegedly tried to get another inmate to falsely charge plaintiff with assault.

Plaintiff filed a grievance on February 1, 2007, against defendant which was denied.  Plaintiff was transferred to Ionia Maximum Correctional Facility (ICF).  In his complaint, plaintiff alleges that defendant violated plaintiff's rights under the Eighth Amendment by harassing and intimidating plaintiff, by falsifying a negative work report, and by attempting to convince another prisoner to file false charges against plaintiff.  Plaintiff also alleges that defendant harassed him and attempted to get another prisoner to charge him with assault in retaliation for filing a grievance about the false work report.

Defendant moves for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff has asserted that defendant violated his Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore,

3

prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In the opinion of the undersigned, plaintiff's allegations do not rise to the level of an Eighth Amendment claim. Plaintiff has not asserted that he was deprived of food, medical care or sanitary conditions or subjected to a condition that is intolerable. Plaintiff has not asserted a claim of cruel of unusual punishment. At best, plaintiff has asserted that defendant attempted to have another prisoner charge plaintiff with assault, or has asserted that defendant harassed him. Plaintiff's claims do not rise to the level of an Eighth Amendment violation.

Plaintiff alleges that defendant retaliated against plaintiff for conducting a search of plaintiff's cell and reading a grievance that plaintiff had written against defendant. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, plaintiff must be able to prove that the

exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In the opinion of the undersigned, plaintiff cannot show that a routine cell search, even if defendant read his grievance, would deter a person of ordinary firmness from engaging in future grievance filings. As a prisoner, plaintiff is subject to random cell searches. Plaintiff has no expectation of privacy in his cell. Moreover, a grievance is not legal work product. The grievance that defendant allegedly read was a grievance that plaintiff intended to file against defendant. Defendant would have been made aware of the grievance after the process was initiated. Plaintiff has also asserted that defendant attempted to have another inmate make an assault charge against plaintiff. Similarly, in the opinion of the undersigned, this conduct "would" not deter a person of ordinary firmness from engaging in future grievance filings. In fact, it is more likely that a person of ordinary firmness would file a grievance if the person felt wrongful action was being taken against them. This is not an instance where future harm is being alleged. Moreover, plaintiff has not shown that either the search or the alleged attempt to have a prisoner make assault charges against plaintiff had anything to do with a grievance plaintiff had filed. In the opinion of the undersigned, plaintiff has not supported his retaliation claim.

Defendant alternatively moves for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used

5

to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. As previously discussed, because plaintiff cannot establish that his constitutional rights were violated, defendant is entitled to qualified immunity.

Accordingly, it is recommended that defendant's motion for summary judgment (Docket #31) be granted and this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: August 18, 2009