UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN T. PASLEY,

    Plaintiff,                                    Case No. 1:07-cv-583

v                                                     HON. JANET T. NEFF

UNKNOWN OLIVER,

    Defendant.
_____/

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant filed a motion for summary judgment, arguing that Plaintiff has failed to state a claim upon which relief may be granted, there is no genuine issue of material fact, and Defendant is entitled to qualified immunity. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court grant Defendant's motion and enter judgment for Defendant because Defendant is entitled to qualified immunity. Because of the timing of the filings, the Court adopted the opinion of the Magistrate Judge and entered judgment for Defendant without considering Plaintiff's objections to the Report and Recommendation.

Plaintiff's objections were timely filed, however, and must be considered by the Court. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (deeming the documents filed when handed to prison authorities for mailing to the federal court). Plaintiff's objections were received by prison authorities – and therefore deemed filed – on the day they were due, September 16, 2009 (Dkt 42,

1

Exh B). Plaintiff's Motion for Reconsideration is therefore granted. The matter is thus before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections for the following reasons.

Plaintiff first argues that the Magistrate Judge has misconstrued his complaint by failing to recognize that the "thrust of his complaint" is for First Amendment retaliation (Dkt 40 at 1). Plaintiff's argument is unpersuasive. Upon review, it is clear that the Magistrate Judge properly characterized and analyzed Plaintiff's complaint. Therefore, Plaintiff's objection is denied.

Plaintiff next asserts that violations of Michigan Department of Corrections (MDOC) Policy Directives led to constitutional violations (Dkt 40 at 2-3, 5). He also argues that his Fourth Amendment right to be free from unlawful searches and seizures was violated (Dkt 40 at 3). These objections are based on issues that were not presented to the Magistrate Judge. Absent compelling reasons, a party is not allowed to raise at the district court stage new arguments or issues that were not presented to the Magistrate Judge. 28 U.S.C. § 631 *et seq.*; *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *See also Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived"). Because Plaintiff failed to raise these issues before the Magistrate Judge, he is deemed to have waived the arguments.

Third, Plaintiff contends that the Magistrate Judge erred in failing to find that Defendant's alleged attempt to have a false assault charge brought against Plaintiff would deter a person of ordinary firmness from engaging in future grievance filings (Dkt 40 at 4). If Defendant had been

successful, Plaintiff argues, then Plaintiff would have lost his ability to file grievances. Whatever deterrent effect the issuance of an assault charge might have had, a mere failed attempt at bringing the charge had none. Therefore, Plaintiff's objection is without merit and is denied.

Plaintiff lastly objects to the Magistrate Judge's finding that Defendant should be granted qualified immunity (Dkt 49 at 7). Plaintiff argues that any prison official must have known that his constitutional rights were being violated. Plaintiff's argument is without merit. The Magistrate Judge found that Plaintiff's constitutional rights had not been violated, meaning Defendant is entitled to qualified immunity. Because the Court agrees with the Magistrate Judge's opinion, Plaintiff's objection is denied.

Consequently, the Court adopts the Report and Recommendation as the opinion of this Court. For the reasons expressed and because this action was filed *in forma pauperis*, this Court also will also certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (Dkt 42) is GRANTED, and the Court's September 18, 2009 Order adopting the Report and Recommendation (Dkt 38) and entry of Judgment in favor of Defendant (Dkt 39) are VACATED.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (Dkts 40, 41) are DENIED and the Report and Recommendation (Dkt 38) is APPROVED and ADOPTED as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt 31) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

A Judgment will be entered consistent with this Opinion and Order.


Dated: December 14, 2009          /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge